**SO ORDERED.**

**SIGNED this 06 day of April, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

**IN RE:**

| | |
|---|---|
| **CHRISTOPHER BRIAN GARNER,** | **CHAPTER 11** |
| **TANDRA LEONARD GARNER,** | **CASE NO. 12-00399-8-RDD** |

**DEBTORS.**

### ORDER CONDITIONALLY APPROVING
### EMPLOYMENT OF ATTORNEY

Pending before the Court is the Application to Employ George Mason Oliver, Oliver Friesen Cheek, PLLC ("OFC") as Debtors' Attorney, filed by Christopher B. Garner and Tandra L. Garner (the "Debtors") on March 6, 2012 and the Objection Opposing the Motion filed by the Bankruptcy Administrator on March 13, 2012. On April 3, 2012, the Court conducted a hearing in New Bern, North Carolina to consider the motion and the objection.

The Court finds that all interested parties were duly noticed and served. The Court finds that the Bankruptcy Administrator timely objected to the application. Jonathan Friesen of OFC appeared on behalf of the Debtors, and C. Scott Kirk appeared on behalf of the Bankruptcy Administrator.

On January 17, 2012, the Debtors filed a voluntary petition for Chapter 11 relief. On March 6, 2012, OFC filed the Debtors' application for employment of attorney. The application seeks to employ OFC as the Debtors' attorney. The application states that OFC does not hold or represent an interest adverse to the estate and that both are disinterested within the meaning of 11 U.S.C. § 327(a).

As required by F.R.B.P. 2014(a), the Debtors' application contained an affidavit executed by Mr. Oliver. The affidavit revealed the compensation arrangement between the Debtors and OFC. The affidavit stated that OFC was paid a retainer of $2,000.00 on June 14, 2010, and $8,000.00 on January 17, 2012, for a total retainer of $10,000.00. Prior to the filing of the case, OFC was paid $9,976.23 for its pre-petition services and expenses. The affidavit stated that nothing was owed to OFC at the time the case was filed.

In order to secure fees for services rendered during the pendency of the case, the affidavit states that the Debtors granted OFC two future advance deeds of trust on tracts of land owned by the Debtors. The first deed of trust was a second lien on three tracts of land in Davidson County, North Carolina. The first tract of land is located at 104 Wrenn Road, Lexington, NC. It has a scheduled value of $60,000.00 and is subject to a first lien in the amount of $43,885.00. The second tract of land is located at 1483 Norman Shoaf Rd., Lexington, NC. It has a scheduled value of $125,000.00 and is subject to a first lien in the amount of $65,824.00. The third tract of land is located at 1683 Turner Rd., Lexington, NC. It has a scheduled value of $90,000.00 and is

subject to a first lien in the amount of $61,333.00.  The second deed of trust granted to OFC is secured by a lot located at Old Pond Subdivision in Boone, NC.  It has a scheduled value of $40,000.00 and has no encumbrances.

On March 13, 2012, the Bankruptcy Administrator filed an objection to the application to employ OFC.  The Bankruptcy Administrator's objection asserted that OFC was not a disinterested person as defined in § 101(14) and as required by § 327(a).  The Bankruptcy Administrator asserted that OFC held an interest that is materially adverse to a class of creditors. The Bankruptcy Administrator stated that the proposed fee arrangement of securing future fees on the Debtors' tracts of real estate is detrimental to all other administrative creditors that hold claims or future claims in the case.  The Bankruptcy Administrator further argued that if a trustee was appointed, the case converted to Chapter 7, or the case became administratively insolvent, the proposed fee arrangement provided OFC a super-priority secured administrative claim over all other administrative claims and the fee arrangement effectively had rewritten § 507.

Section 327 of the Bankruptcy Code governs the qualifications of the employment of professional persons.  Pursuant to § 327(a), an attorney is a professional, and cannot "hold or represent an interest adverse to the estate, and that are disinterested persons…"  Section 101(14)(C) states that a disinterested person may not "have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."  The Court finds that under the terms of the proposed employment, OFC is not a disinterested person within the definition of § 101(14)(C).  The Court finds that the proposed fee arrangement allows OFC a super-priority secured administrative claim that is materially adverse to all other potential administrative creditors.  The proposed fee arrangement ensures that OFC

will have its claim paid while other administrative creditors are at risk of receiving partial or no payment.

The Court further agrees with the Bankruptcy Administrator's assertion that the proposed fee arrangement fails to follow the order for distribution to priority creditors set forth in 11 U.S.C. § 507.   Without the proposed fee arrangement, OFC is nothing more than an administrative creditor.  The proposed fee arrangement rearranges the priorities set forth in § 507 and § 726(b), and effectively ensures that OFC will be paid over any other administrative creditor in the event that a trustee is appointed, the case converts to a Chapter 7, or the case becomes administratively insolvent.

Nevertheless, the Court will grant the Debtors' application to employ OFC on the following conditions.  Under the following conditions, OFC will be disinterested.   The Court orders OFC to amend the two future advance deeds of trust to be in favor of all priority claims allowed under § 503(b) in this case (the "Administrative Class"). It is further ordered that in the event that the collateral securing administrative claims should be liquidated during the pendency of this Chapter 11 proceeding, all proceeds shall be distributed ratably to the Administrative Class.   It is further ordered that in the event a trustee is appointed during this Chapter 11 proceeding or the case is converted to a Chapter 7 proceeding, the Administrative Class shall cancel the deeds of trust if the trustee makes such request.

**SO ORDERED.**

**END OF DOCUMENT**